UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| AMJ TRANSPORT CORP. AND<br>ALSEE MOORE, JR. | CIVIL ACTION NO. |
| VERSUS | 3:19-cv-00893-SDD-EWD |
| BMO HARRIS BANK N.A. | |

**RULING**

This matter is before the Court on the *Motion to Dismiss or Transfer Under Federal Rule of Civil Procedure 12(b)(3) and 12(b)(6)*[1] by Defendant, BMO Harris Bank N.A. ("Defendant"). Plaintiffs AMJ Transport Corp. ("AMJ") and Alsee Moore, Jr. ("Moore") (collectively, "Plaintiffs") filed an *Opposition*[2] to this motion, to which Defendant filed a *Reply*.[3] For the following reasons, the Court finds that Defendant's *Motion* should be granted.

**I.    BACKGROUND**

Moore is the President of AMJ, which is a Louisiana corporation engaged in trucking business in Baton Rouge.[4] Defendant is a corporation registered in Delaware with its principal business office in Illinois.[5] The facts alleged by Plaintiffs are as follows. Beginning in 2016, AMJ entered into four financing agreements with Defendant in which Defendant financed AMJ's purchasing of four eighteen-wheeler tractor units.[6] In 2019,

---

[1] Rec. Doc. 4.
[2] Rec. Doc. 6.
[3] Rec. Doc. 7.
[4] Rec. Doc. 1 ¶1, 2, 7.
[5] *Id.* at ¶3.
[6] *Id.* at ¶8.

61438                                                                                                                                  1

Moore contacted Defendant seeking approval of the sale of a tractor unit.[7] Defendant did not approve of the sale and instead directed AMJ to sell a different tractor unit.[8] Because AMJ was unable to find a buyer for the tractor unit chosen by Defendant, AMJ filed for bankruptcy.[9] On December 31, 2019, Plaintiffs filed suit against Defendant claiming tortious interference with AMJ's business sales and opportunities.[10]

On February 19, 2020, Defendant filed a *Motion to Dismiss or Transfer Under Federal Rule of Civil Procedure 12(b)(3) and 12(b)(6)*.[11] Plaintiffs filed a *Response in Opposition* on March 11, 2020,[12] and Defendant filed a *Reply* on March 25, 2020.[13] The Court has diversity jurisdiction under 28 U.S.C. § 1332. The Court now turns to Defendant's *Motion*.

## II.    LAW AND ANALYSIS

When a party asserts an improper venue defense under FED. R. CIV. P. 12(b)(3), the Court must dismiss or transfer the action if the litigation is taking place in the wrong venue or district.[14] Parties may limit future litigation to a particular venue through the inclusion of a forum selection clause in the contract. Defendant argues that the contracts between it and AMJ include a forum selection clause that limits the litigatory venue to the Northern District of Texas.[15] Because a forum selection clause "renders it legally improper for the American court to do more with its jurisdiction than to evaluate the forum selection

---

[7] Rec. Doc. 1 ¶10.
[8] *Id.* at ¶11.
[9] *Id.* at ¶12, 13.
[10] *Id.* at ¶15.
[11] Rec. Doc. 4.
[12] Rec. Doc. 6.
[13] Rec. Doc. 7.
[14] 28 U.S.C. § 1406(a). The Court here notes that regardless of whether Rule 12(b)(3) or Rule 12(b)(6) is the proper mechanism for Defendant's motion, Defendant has "covered all their bases" by invoking both Rules in its *Motion. See McGee v. Western Express, Inc.*, 2016 WL 1622632 at *2 (N.D. Tex. 2016).
[15] Rec. Doc. 4-1 p. 9.

clause's enforceability,"[16] the Court shall address Defendant's *Motion to Transfer* prior to Defendant's *Motion to Dismiss*.

First, the Court evaluates the scope of the forum selection clause. To determine whether a forum selection clause absolutely precludes litigation in a venue other than the chosen forum in the contract, the Court must determine whether the forum selection clause is mandatory or permissive:

> Mandatory forum-selection clauses require that the suit be brought only in the named forum. Permissive forum-selection clauses allow the suit to proceed in the named forum, but do not mandate that the named forum is the exclusive forum for the suit. A permissive forum selection clause authorizes jurisdiction in a particular forum, but does not prohibit litigation elsewhere.[17]

Thus, this distinction affects whether the dispute *may* proceed in a given forum, or whether the dispute *must* proceed in a given forum. A mandatory forum selection clause must "clearly demonstrate the parties' intent to make [the forum] exclusive,"[18] whereas a permissive clause merely permits a forum rather than requiring it.[19] In determining whether the forum selection clause is mandatory or permissive, the Court considers the wording of the clause to determine the intent of the parties.

Here, the clause present in each of the contracts between AMJ and Defendant provides that "[a]ny legal action or proceeding with respect to this Agreement or the transactions contemplated by this Agreement shall be brought exclusively in the federal or state courts located in the State of Texas. . ."[20] This language unequivocally establishes

---

[16] *Trafigura Beheer B.V. v. M/T PROBO ELK*, 266 Fed.Appx. 309, 311 (5th Cir. 2007).
[17] *Patterson v. Feldman*, 2005 WL 3307527 at *11 (S.D. Tex. 2005) (internal citations omitted).
[18] *City of New Orleans v. Municipal Admin. Servs., Inc.*, 376 F.3d 501, 504 (5th Cir. 2004).
[19] *See Patterson*, 2005 WL at *14.
[20] Rec. Doc. 4-1 p. 7 (citing Rec. Docs. 4-2, 4-3, 4-4, and 4-5 at ¶7.6). The Court empathizes here that all of the contracts into which AMJ and Defendant entered contain identical forum selection clauses at ¶7.6.

a mandatory forum selection of Texas through the use of the terms "shall" and "exclusively." The Court's finding on this matter aligns with other courts' decisions involving similar forum selection clauses found to be mandatory. For example, the Fifth Circuit in *Kevlin Servs., Inc. v. Lexington State Bank* found a clause to be mandatory which stated: "This contract *shall* be interpreted and construed in accordance with the laws of the State of Texas. The legal venue of this contract and any disputes arising from it *shall* be settled in Dallas County, Texas."[21] Similarly, *Magnolia Island Plantation, L.L.C. v. Lucky Family, L.L.C.* involved a mandatory forum selection clause which read: "The *exclusive* venue for collection of the Note or for any dispute arising with respect to the Note *shall* be Caddo Parish, Louisiana, and Maker and Payee consent to venue and jurisdiction in such forum for such purposes."[22] Therefore, the forum selection clause is mandatory and precludes litigation in any forum outside of the State of Texas.[23]

The forum selection clause also applies to the present dispute because it arises from conduct related to the contracts between AMJ and Defendant. Plaintiffs' lackluster argument as to this point is in the form of a single sentence: "[B]ecause the tortious actions of Defendant are not governed by said financing agreements, the choice of venue provisions encapsulated in said financing agreements are invalid as well."[24] A legal conclusion devoid of references to alleged facts and citations to legal authority is insufficient to support Plaintiffs' stance. In any event, the language in the contract indicates that the scope of the clause includes any legal proceeding arising from the contract or from transactions contemplated in the contract; consequently, the forum

---

[21] 46 F.3d 13, 14-15 (5th Cir. 1995) (emphasis added).
[22] 2020 WL 354714 at *3 (W.D. La. 2020) (emphasis added).
[23] *See* Rec. Docs. 4-2, 4-3, 4-4, and 4-5 at ¶7.6.
[24] Rec. Doc. 6-1 p. 4.

selection clause governs this dispute because the alleged tortious actions arose from the contractual relationship between the parties.[25]

Second, the Court must determine the enforceability of the clause. Forum selection clauses "are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances."[26] This may be done through demonstration that the clause "results from fraud or overreaching, that it violates a strong public policy, or that enforcement of the clause deprives the plaintiff of his day in court."[27] "The party resisting enforcement on these grounds bears a 'heavy burden of proof.'"[28] Defendant argues that none of these scenarios are present here,[29] and Plaintiff does not argue that enforcement would be unreasonable.[30] In its own review of the alleged facts, Court does not find any facts demonstrating any fraud or overreaching, any violation of public policy, or any deprivation of Plaintiffs' "day in court." Therefore, the Court finds that the forum selection clause is enforceable.

In sum, because the mandatory forum selection clause covers the present dispute and is enforceable, transfer to the Northern District of Texas is appropriate.

---

[25] *See Ginter ex rel. Ballard v. Belcher, Prendergast & Laporte*, 536 F.3d 439, 444-45 (5th Cir. 2008); *Burnett v. ARCCA Inc.*, 2016 WL 1271073 at *5 (W.D. La. 2016); *Smith v. Swift Transp. Co. of Arizona, LLC*, 915 F.Supp. 2d 766, 774 (W.D. La. 2013).
[26] *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972) (citation omitted).
[27] *Mitsui & Co. v. Mira M/V*, 111 F.3d 33, 35 (5th Cir. 1997) (citing *M/S Bremen*, 407 U.S. at 12).
[28] *Patterson*, 2005 WL 3307527 at *5 (quoting *Haynsworth v. The Corp.*, 121 F.3d 956, 963 (5th Cir. 1997)).
[29] Rec. Doc. 4-1 p. 8.
[30] *See* Rec. Doc. 6-1.

### III.  CONCLUSION

For the reasons set forth above, Defendant' *Motion to Dismiss or Transfer Under Federal Rule of Civil Procedure 12(b)(3) and 12(b)(6)*[31] is GRANTED as to Rule 12(b)(3), and this case shall be TRANSFERRED to the United States District Court for the Northern District of Texas. Accordingly, Defendant's Motion to Dismiss under Rule 12(b)(6) is DEFERRED.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on <u>August 14, 2020</u>.

*[signature]*

**SHELLY D. DICK, CHIEF DISTRICT JUDGE**
**MIDDLE DISTRICT OF LOUISIANA**

---

[31] Rec. Doc. 4.